STATE of Missouri, Respondent,

v.

James Joseph HORN, Appellant.

No. WD 42745.

Missouri Court of Appeals, Western District.

April 2, 1991.

**156**

William J. Swift, St. Louis, for appellant.

William Webster, Atty. Gen., Geoffrey W. Preckshot, Asst. Atty. Gen., Jefferson City, for respondent.

Before BERREY, P.J., and ULRICH and BRECKENRIDGE, JJ.

BERREY, Presiding Judge.

James Horn appeals his conviction for felony stealing, § 570.030, RSMo 1986, and the denial of his Rule 29.15 motion. Affirmed. Appellant alleges plain error in the trial court's overruling his objection to prosecutor's rebuttal closing argument. Appellant also claims that his counsel was ineffective for failing to include this in a motion for new trial.

On July 4, 1989, appellant, along with Darrell Johnson and James Pabst, went swimming at Finger Lakes State Park. After swimming for a while the three men purchased a 12–pack of beer and returned to the park. They left again, purchasing another 12–pack. The three drove around, ending up at Eastgate Plaza, where they stopped to talk.

During the drive, discussion was had concerning Pabst's previous criminal conviction. The discussion continued at Eastgate where Horn exited the car and sat on a nearby hillside. Pabst joined him and the argument about Pabst's conviction continued. Johnson joined both men and the argument, grabbing Pabst by the shirt and striking him on the chin. Appellant took Pabst's glasses away and began backing Pabst toward a nearby creek bed. Pabst retreated, falling down the embankment into the creek. Pabst heard Horn yell to him that they were taking his car. Horn and Johnson took the car.

Pabst's car was found later the same day by Trooper Rick Binkholder in a ditch near Jonesburg, Missouri. Upon investigation, Binkholder located and arrested Horn and his companion.

Appellant was tried by a jury and convicted of the offense of felony stealing. He did not testify at trial. He is appealing this conviction as well as the denial of his 29.15 motion.

▪ Appellant first contends that the trial court committed plain error in overruling counsel's objection to certain statements made by the prosecutor during his rebuttal argument. Specifically, appellant objects to the following:

MR. STERNER: Mr. Tyler opened his argument by saying he wanted to tell you what the evidence was. One word that comes to my mind to describe the evidence in this case that you heard today is 100 percent completely uncontroverted. Uncontroverted. Nobody in the whole world has come in here and told you that it didn't happen exactly the way Mr. Pabst said.

MR. TYLER: Judge, I'm going to object. May we approach?

(Counsel approached the bench and the following proceedings were had:)

MR. TYLER: Judge, I think this is indirect reference to the defendant's decision not to testify. And I think that that's prejudicial error. I would like to ask for a mistrial at this time.

THE COURT: That objection will be overruled. The request will be denied. The Court notes specifically the argument made by defense counsel.

MR. TYLER: I would further request that you instruct the jury that statement is inappropriate and improper.

THE COURT: That request is denied. Let's proceed. The objection will be overruled. The jury will recall the evidence.

.        .        .        .        .

[MR. STERNER] ... And you heard the defense have the opportunity to put on his case. He didn't. To argue that you have only heard half the story suggests that if you knew something else that is outside the evidence doesn't help you jurors at all. Your burden is to decide this case based on the evidence that the State and the defense have presented you today. It is not the State's fault that we present the case and the defense presented no case. But to suggest that you have heard only half the evidence and therefore you should find this man not guilty is preposterous.

 Appellant contends that these were direct references to his failure to testify which require reversal. *State v. Lawhorn,* 762 S.W.2d 820 (Mo. banc 1988). As appellant did not include this issue in his motion for new trial, review of this point is discretionary and error is judged upon a manifest injustice standard. Rule 29.11(d); *State v. Hornbuckle,* 769 S.W.2d 89 (Mo. banc), *cert. denied,* — U.S. —, 110 S.Ct. 171, 107 L.Ed.2d 128 (1989). Relief under a plain error review requires more than a showing of prejudice; appellant must demonstrate manifest prejudice affecting his substantial rights. *State v. Hornbuckle, supra,* 769 S.W.2d at 93. Appellant fails to make that demonstration in the instant case.

A trial court is given wide latitude in its control of closing arguments. *State v. Fogle,* 740 S.W.2d 217, 226 (Mo. App.1987). Only where a prosecutor makes "direct and certain reference" to the failure of a defendant to testify is reversible error committed. *Id.* This rule does not, however, prohibit a prosecutor from referring to the defendant's failure to offer evidence. *State v. Sidebottom,* 753 S.W.2d 915, 920 (Mo. banc), *cert. denied,* 488 U.S. 975, 109 S.Ct. 515, 102 L.Ed.2d 550 (1988).

In the instant case counsel made no direct reference to appellant's failure to testify. Counsel's remarks were, in fact, made in reference to defense counsel's repeated remarks in closing argument that the jury had only "half the story." A defendant cannot provoke a reply to his own argument and then assert error. *State v. Bockes,* 676 S.W.2d 272, 276 (Mo. App.1984). Appellant's Point I is denied.

Appellant next asserts that his trial counsel was ineffective for failing to include the argument that the prosecution's closing argument was improper in a motion for new trial since including this argument would have resulted in a new trial being granted. This argument is without merit and conclusory. Defense counsel cannot be called ineffective for failing to preserve a nonmeritorious claim in the motion for new trial. *Watkins v. State,* 785 S.W.2d 767, 772 (Mo.App.1990). This opinion has already held that the prosecutor's remarks were allowable as fair retaliation making appellant's claim nonmeritorious. Appellant's Point II is denied.

The judgments of the trial court and motion court are affirmed.

All concur.